## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SALLY DRAKE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*,<br><br>v.<br><br>TUFTS ASSOCIATED HEALTH MAINTENANCE ORGANIZATION, INC. AND TUFTS HEALTH PUBLIC PLANS, INC.<br><br>*Defendants*. | **Civil Action No.** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Sally Drake ("Plaintiff") files this Class and Collective Action Complaint ("Complaint") against Tufts Associated Health Maintenance Organization, Inc. ("Tufts HMO") and Tufts Health Public Plans, Inc. ("Tufts HPP") ("Defendants"), and in support states the following:

**Nature of This Lawsuit**

1. Defendants are Massachusetts-licensed health maintenance organizations that both do business as Tufts Health Plan and Tufts Associated Health Plan.[1]

2. As managed care organizations, Defendants provide healthcare coverage to enrolled members.

---

[1] https://www.mass.gov/files/documents/2019/04/09/4q18rept_medicaid.pdf (last visited August 22, 2019); *see also* https://www.mass.gov/files/documents/2019/04/09/4q18rept_med%20adv.pdf (last visited August 22, 2019).

3. In providing healthcare coverage to members, Defendants review requests for services and make coverage determinations based on medical necessity

4. Defendants employed Plaintiff and other non-management employees as Clinical Outpatient Nurse Reviewers, Clinical Reviewers, RN Inpatient Reviewers, RN Outpatient Reviewers, Utilization Review Nurses, Clinical RN Reviewers, and in other similar job titles, whose primary job was to perform utilization reviews ("Utilization Review Employees").

5. Defendants paid Utilization Review Employees a salary.

6. Defendants' Utilization Review Employees regularly worked over 40 hours per week.

7. Defendants classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime for all overtime hours worked.

8. Defendants classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime for all hours worked over 40 hours in an individual workweek.

9. The utilization reviews performed by Plaintiff and other Utilization Review Employees consisted of reviewing health insurance benefit requests submitted by health care providers against predetermined guidelines and criteria for insurance coverage and payment purposes ("Utilization Review Work").

10. The Utilization Review Work performed by Plaintiff and other Utilization Review Employees was non-exempt work.

11. Plaintiff brings this action on behalf of herself and other similarly situated Utilization Review Employees, who, due to Defendants' misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

12. Plaintiff also brings individual and class action claims under Massachusetts state law under the Massachusetts Minimum Fair Wage Law ("MAWL"), Mass. Gen. L. ch. 151, § 1A.

13. Plaintiff brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay her and other Utilization Review Employees for all earned overtime pay.

**The Parties**

14. Plaintiff worked for Defendants as an Insurance Coverage Employee in this Judicial District from May 2017 to June 2019.

15. Defendant Tufts HMO is a Massachusetts corporation.

16. Defendant Tufts HMO's principal place of business is in Watertown, Massachusetts.

17. Defendant Tufts HPP is a Massachusetts corporation.

18. Defendant Tufts HPP's principal place of business is in Watertown, Massachusetts.

**Jurisdiction and Venue**

19. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

20. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as her FLSA claims.

21. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

22. Defendants have established their policies and procedures related to the utilization review process to comply with National Committee on Quality Assurance's ("NCQA") accreditation standards.

23. Defendants maintain NCQA accreditation because some states require accreditation from the NCQA or other accreditation to provide managed care services in those states.

24. As established by NCQA accreditation standards, the standard prerequisite for Initial Review Work is LPN/LVN-level credentials.

25. Indeed, another leading accreditation organization, the Utilization Review Accreditation Commission ("URAC"), "permits the use of Licensed Practical Nurses" to perform Utilization Review Work.[2]

26. Plaintiff worked as an Insurance Coverage Employee for Defendants.

---

[2] Rego v. Liberty Mut. Managed Care, LLC, 367 F. Supp. 3d 849, 853 (E.D. Wis. 2019).

27. During her employment with Defendants, Plaintiff primarily performed Utilization Review Work.

28. During her employment with Defendants, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

29. In fact, in performing her Utilization Review Work for Defendants, Plaintiff had the authority to **approve** health insurance benefit requests that met matched predetermined criteria, but did not have the authority to **deny** health insurance benefit requests that did not match criteria for approval.[3]

30. During Plaintiff's employment with Defendants, Defendants had a policy that disallowed anyone other than "qualified, licensed physicians with the appropriate clinical expertise [to] make decisions to deny coverage."[4]

31. During her employment, Plaintiff's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

32. During her employment, Plaintiff's job duties did not involve providing traditional nursing care to patients or other individuals in a clinical setting or providing direct medical care to patients or other individuals with health issues.

---

[3] https://tuftshealthplan.com/documents/providers/payment-policies/tufts-health-public-plans/ma/utilization-management (last visited August 22, 2019).
[4] *Id.*

33. During her employment, Plaintiff's job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical issues or ailments.

34. During her employment, Plaintiff's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests, diagnosing human responses to actual or potential health problems, providing medical opinions on treatment and medication, or determining whether an issue should be referred for an independent medical evaluation.

35. Defendants required Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

36. During her employment with Defendants, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

37. During her employment with Defendants, Plaintiff generally worked 9-10 hours per day and 5 days a week.

38. As a result, Plaintiff worked approximately 45 to 50 hours per workweek.

39. Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA.

40. Defendants classified Plaintiff as exempt from the overtime provisions of the MAWL.

41. Defendants paid Plaintiff a salary.

42. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay for all overtime hours worked.

43. Defendant Tufts HMO is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

44. Defendant Tufts HPP is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

45. Defendant Tufts HMO is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

46. Defendant Tufts HPP is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

47. Defendant Tufts HMO has made more than $500,000 in sales made or business done in each of the last three calendar years.

48. Defendant Tufts HPP has made more than $500,000 in sales made or business done in each of the last three calendar years.

49. During her employment, Plaintiff was an "employee" of Defendant Tufts HMO as defined by the FLSA in 29 U.S.C. § 203(e).

50. During her employment, Plaintiff was an "employee" of Defendant Tufts HPP as defined by the FLSA in 29 U.S.C. § 203(e).

51. During her employment, Plaintiff was an "employee" of Defendant Tufts HMO as defined under the MAWL § 1A.

52. During her employment, Plaintiff was an "employee" of Defendant Tufts HPP as defined under the MAWL § 1A.

53. During her employment, Defendant Tufts HMO was Plaintiff's "employer" as defined under the FLSA in § 203(d).

54. During her employment, Defendant Tufts HPP was Plaintiff's "employer" as defined under the FLSA in § 203(d).

55. During her employment, Defendant Tufts HMO was Plaintiff's "employer" as defined by in 454 Mass Code Regs. § 27.02.

56. During her employment, Defendant Tufts HPP was Plaintiff's "employer" as defined by in 454 Mass Code Regs. § 27.02.

**Collective Action Allegations**

57. Plaintiff brings her FLSA claims as a collective action.

58. Plaintiff's consent form to participate in this collective action is attached to this Complaint as Exhibit A.

59. The collective action is defined as follows:

All Utilization Review Employees employed by Defendants in the last three years who were paid on a salary basis ("Collective Action Members").

60. Plaintiff is similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

61. In the last three years, Defendants employed individuals who performed the same primary duties as Plaintiff.

62. Of Defendants' employees who performed the same primary job duties as Plaintiff in the last three years, Defendants classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

63. Of employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

64. Defendants maintained one or more common job descriptions for Utilization Review Employees.

65. Defendants have names and addresses for potential Collective Action Members in their payroll or personnel records.

66. Defendants have email addresses for potential Collective Action Members in their payroll or personnel records.

67. Defendants have phone numbers for potential Collective Action Members in their payroll or personnel records.

68. Defendants were aware or should have been aware that the FLSA required them to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

69. Plaintiff seeks class certification under Fed. R. 23 of the following state law sub-class:

> All individuals employed by Defendants as Utilization Review Employees in Massachusetts in the last three years who were paid on a salary basis (the "Class").

70. The Class has more than 40 members.

71. As a result, the Class is so numerous that joinder of all members is not practical.

72. There are questions of law or fact common to the Class, including (1) whether the Class primarily performed non-exempt work; (2) whether Defendants violated the MAWL by refusing to pay the Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Class as exempt from the overtime provisions of the MAWL.

73. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendants' uniform compensation practices.

74. Defendants' defenses to Plaintiff's MAWL claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

75. Plaintiff can fairly and adequately protect the interests of the Class because she is asserting the same claims as the Class.

76. Plaintiff can fairly and adequately protect the interests of the Class because she has no interests adverse to the Class.

77. Plaintiff can fairly and adequately protect the interests of the Class because she has retained counsel experienced in class action employment litigation.

78. The common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

79. Plaintiff and the members of the Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

80. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendants.

81. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

82. The books and records of Defendants are material to the Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
## Violation of the Fair Labor Standards Act
## (Collective Action)

83. Plaintiff incorporates here the previous allegations of this Complaint.

84. This count arises from Defendants' violations of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

85. Plaintiff was not exempt from the overtime provisions of the FLSA.

86. Other Collective Action Members were not exempt from the overtime provisions of the FLSA.

87. Plaintiff was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

88. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks in the last three (3) years.

89. Defendants paid Plaintiff a salary and did not pay her overtime compensation for all hours worked over 40 in an individual workweek.

90. Defendants paid other Collective Action Members a salary and did not pay them overtime compensation for all hours worked over 40 in an individual workweek.

91. Defendants violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

92. Defendants violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

93. Defendants' failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rates for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seeks a judgment against Defendants as follows:

    A.    All unpaid overtime wages due to Plaintiff and the Collective Action Members;

    B.    Pre-judgment and post-judgment interest;

C.  Liquidated damages equal to the unpaid overtime compensation due;

D.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.  Such other relief as the Court deems appropriate.

## COUNT II
## MAWL – Failure to Pay Overtime
### (Class Action)

94. Plaintiff incorporates here the previous allegations of this Complaint.

95. This count arises from Defendants' violations of the MAWL by failing to pay overtime to Plaintiff and the Class when they worked over 40 hours in individual workweeks.

96. Defendants classified Plaintiff as exempt from the overtime provisions of the MAWL.

97. Defendants classified the Class as exempt from the overtime provisions of the MAWL.

98. Plaintiff was not exempt from the overtime provisions of the MAWL.

99. The Class was not exempt from the overtime provisions of the MAWL.

100. Plaintiff was regularly directed by Defendants to work, and did work, over 40 hours in individual workweeks.

101. Defendants violated the MAWL by failing to pay Plaintiff and the Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff, on behalf of herself and the Class, seeks a judgment against Defendants as follows:

A. All unpaid overtime wages due to Plaintiff and the Class;

B. Treble damages;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D. Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

          Respectfully submitted,

          */s/ Edward F. Haber*
Edward F. Haber (BBO#215620)
Adam M. Stewart (BBO#661090)
Patrick J. Vallely (BBO#663866)
Shapiro Haber & Urmy LLP
Seaport East Two Seaport Lane
Boston, MA 02210
(617) 439-3939
ehaber@shulaw.com
astewart@shulaw.com
pvallely@shulaw.com


DOUGLAS M. WERMAN
MAUREEN A. SALAS*
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice forthcoming

**Attorneys for Plaintiff and Others Similarly Situated**

# EXHIBIT A

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the overtime lawsuit in which this consent is filed.

DocuSigned by:

*Sally Drake*

Sign ⎯16BC7BA7E189468...

8/20/2019

Date

Sally Drake

Printed Name